UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 11, 2008
08CV3376
JUDGE DOW
MAGISTRATE JUDGE ASHMAN
PH

| | |
|---|---|
| DENA COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Judge |
| DEPUTY SHERIFF ANDREW EVANS, | ) |
| SHERIFF THOMAS J. TEMPLETON, | ) Magistrate Judge |
| officially as Sheriff of LaSalle County, and | ) |
| the COUNTY OF LASALLE, | ) Jury Demand |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DENA COMER, by and through her attorneys, GREGORY E. KULIS & ASSOCIATES, and complaining against the Defendants, DEPUTY SHERIFF ANDREW EVANS, SHERIFF THOMAS J. TEMPLETON, officially as Sheriff of LaSalle County, and the COUNTY OF LASALLE, as follows:

## COUNT I

1) At all relevant times the Plaintiff, DENA COMER, was an Illinois resident and was being housed in the LaSalle County Jail in LaSalle, Illinois.

2) The Defendant, DEPUTY SHERIFF ANDREW EVANS, at all relevant times, was a deputy sheriff at the LaSalle County Jail in LaSalle County, Illinois

3) The Defendant, SHERIFF THOMAS J. TEMPLETON, officially as the Sheriff of LaSalle County, was in charge of the LaSalle County Jail and was the deputy sheriff working within.

4) Jurisdiction of these claims are present pursuant to Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

5) At all relevant times the Defendant, DEPUTY SHERIFF ANDREW EVANS, was acting under color of law and within his scope of employment.

6) In the months of November through December 2007, the Plaintiff, DENA COMER, was a detainee housed at the LaSalle County Jail.

7) On several occasions the Defendant, DEPUTY SHERIFF ANDREW EVANS, made sexual comments and suggestions both verbally and in writing to the Plaintiff, DENA COMER.

8) On another occasion the Defendant, DEPUTY SHERIFF ANDREW EVANS, placed a Styrofoam cup of what appeared to be his semen in it in the Plaintiff's cell.

9) These actions constitute assault and were an abuse of DEPUTY SHERIFF ANDREW EVANS' powers as a deputy sheriff at the LaSalle County Jail.

10) The Plaintiff filed a complaint which was investigated by the Sheriff's Department.

11) On or about December 1, 2007, Defendant, DEPUTY SHERIFF ANDREW EVANS physically went up to the Plaintiff's shirt and fondled her.

12) Despite Plaintiff DENA COMER'S complaints, the Sheriff's Department allowed DEPUTY SHERIFF ANDREW EVANS to work the female pod where Plaintiff DENA COMER was housed.

13) The Defendant, DEPUTY SHERIFF ANDREW EVANS, kept coming to Plaintiff DENA COMER'S cell and calling her name, in an effort to scare and intimidate the Plaintiff.

14) Despite additional complaints, the Defendant, DEPUTY SHERIFF ANDREW EVANS, was allowed to remain on the pod to intimidate and frighten the Plaintiff, DENA COMER.

15) As a result of the actions of the Defendant, DEPUTY SHERIFF ANDREW EVANS, the Plaintiff, DENA COMER suffered fear, emotional distress, pain and anxiety.

16) Said physical contact was excessive and unreasonable.

17) Said actions of the Defendant constitute violation of the Fourth, Eighth and Fourteenth amendments as protected by 42 U.S.C. §1983.

Wherefore, the Plaintiff, DENA COMER, prays for judgment against the Defendant, DEPUTY SHERIFF ANDREW EVANS, for compensatory damages in excess of One Hundred Thousand ($100,000) dollars, punitive damages in excess of One Hundred Thousand ($100,000) dollars plus attorney's fees and costs.

### COUNT II-SHERIFF THOMAS J. TEMPLETON, OFFICIALLY, AS SHERIFF OF LASALLE COUNTY

1-14) The Plaintiff, DENA COMER, hereby realleges and incorporates her allegations of paragraphs 1-14 of Count I as her respective allegations of paragraphs 1-14 of Count II as though fully set forth herein.

15) The Defendant, SHERIFF THOMAS J. TEMPLETON, had knowledge of Defendant EVANS' propensities because the Plaintiff, DENA COMER, was housed in the LaSalle County Jail in 2005 and complained of sexual acts of the Defendant, DEPUTY SHERIFF ANDREW EVANS.

16) The Defendant, SHERIFF THOMAS J. TEMPLETON, took no action and allowed the Defendant, DEPUTY SHERIFF ANDREW EVANS, to continue to work with female detainees.

17) There were other detainees who complained of the Defendant, DEPUTY SHERIFF ANDREW EVANS, but the Defendant, SHERIFF THOMAS J. TEMPLETON, took no action.

18) Said continuous acts of the Defendant, DEPUTY SHERIFF ANDREW EVANS, constitutes an approved custom practice and policy of the Sheriff's Department which sanctioned his actions.

19) As a result of the custom, practice and policy of the Sheriff, the Plaintiff, DENA COMER, was injured.

20) As a result of the actions and inactions of the Defendant, SHERIFF THOMAS J. TEMPLETON, the Plaintiff, DENA COMER, suffered pain, emotional distress, fear and anxiety and will continue to do so in the future.

21) The actions and inactions of the Defendant, SHERIFF THOMAS J. TEMPLETON, constitute a failure to protect the Plaintiff in violation of her Fourth, Fifth, Eighth amendment rights as protected through the Fourteenth Amendment and 42 U.S.C. §1987.

Wherefore, the Plaintiff, DENA COMER, prays for judgment against the Defendant, SHERIFF THOMAS J. TEMPLETON, for compensatory damages in excess of One Hundred Thousand ($100,000) dollars, punitive damages in excess of One Hundred Thousand ($100,000) dollars plus attorney's fees and costs.

## COUNT III-INDEMNIFICATION

1-18) The Plaintiff, DENA COMER, hereby realleges and incorporates her allegations of paragraphs 1-18 of Count II as her respective allegations of paragraphs 1-18 of Count III as though fully set forth herein.

19) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

20) Defendant DEPUTY SHERIFF ANDREW EVANS is an employee of the LaSalle County Sheriff's Department who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should Defendant DEPUTY SHERIFF ANDREW EVANS be found liable for the acts alleged above, Defendant LaSalle County would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## COUNT IV-ASSAULT

1-12) The Plaintiff, DENA COMER, hereby realleges and incorporates her allegations of paragraphs 5-17 of Count I as her respective allegations of paragraph 1-12 of Count IV as though full set forth herein

13) The actions of the Defendant, DEPUTY SHERIFF ANDREW EVANS, constitute assault under Illinois law.

Wherefore, the Plaintiff, DENA COMER, prays for judgment against the Defendant, DEPUTY SHERIFF ANDREW EVANS, for compensatory damages in excess of One Hundred Thousand ($100,000) dollars, punitive damages in excess of One Hundred Thousand ($100,000) dollars plus costs.

## COUNT V-BATTERY

1-12) The Plaintiff, DENA COMER, hereby realleges and incorporates her allegations of paragraphs 5-17 of Count I as her respective allegations of paragraph 1-12 of Count V as though full set forth herein

13) The actions of the Defendant, DEPUTY SHERIFF ANDREW EVANS, constitute battery under Illinois law.

Wherefore, the Plaintiff DENA COMER prays for judgment against the Defendant, DEPUTY SHERIFF ANDREW EVANS, for compensatory damages in excess of One Hundred Thousand ($100,000) dollars, punitive damages in excess of One Hundred Thousand ($100,000) dollars plus costs.

## COUNT VI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-12) The Plaintiff DENA COMER, hereby realleges and incorporates her allegations of paragraphs 5-17 of Count I as her respective allegations of paragraph 1-12 of Count VI as though full set forth herein.

13) The actions of the Defendant, DEPUTY SHERIFF ANDREW EVANS, constitute intentional infliction of emotional distress under Illinois law.

Wherefore, the Plaintiff, DENA COMER, prays for judgment against the Defendant, DEPUTY SHERIFF ANDREW EVANS, for compensatory damages in excess of One Hundred Thousand ($100,000) dollars, punitive damages in excess of One Hundred Thousand ($100,000) dollars plus costs.

## COUNT VII-RESPONDENT SUPERIOR

1-12) The Plaintiff, DENA COMER, hereby realleges and incorporates her allegations of paragraphs 5-17 of Count I as her respective allegations of paragraph 1-12 of Count VII as though full set forth herein.

13) The Defendant, SHERIFF THOMAS J. TEMPLETON, of LaSalle County is responsible for the actions of its employee, DEPUTY SHERIFF ANDREW EVANS, under respondent superior under Illinois law.

Wherefore, the Plaintiff, DENA COMER, prays for judgment against the Defendant, SHERIFF THOMAS J. TEMPLETON, for compensatory damages in excess of One Hundred

Thousand ($100,000) dollars, punitive damages in excess of One Hundred Thousand ($100,000) dollars plus costs.

## JURY DEMAND

The Plaintiff, DENA COMER, requests a trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis

GREGORY E. KULIS AND ASSOCIATES

**GREGORY E. KULIS AND ASSOCIATES**
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830