IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENA COMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-CV-3376 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| DEPUTY SHERIFF ANDREW EVANS, | ) | Magistrate Judge Ashman |
| SHERIFF THOMAS J. TEMPLETON, | ) | |
| officially as Sheriff of La Salle County, | ) | |
| and the COUNTY OF LA SALLE, | ) | |
| | ) | |
| Defendants. | ) | <u>Answer and Jury Trial Demand.</u> |

Now come certain defendants, Sheriff Thomas J. Templeton, officially as Sheriff of La Salle County, and the County of La Salle, by their attorneys, Herbolsheimer, Lannon, Henson, Duncan and Reagan, P.C., Douglas A. Gift of counsel, and for their Answer to the Complaint filed herein by plaintiff, Dena Comer, state as follows:

## COUNT I

These defendants make no answer to Count I as the same is directed to defendant, Deputy Sheriff Andrew Evans.

## COUNT II

Answering Count II, defendant, Sheriff Thomas J. Templeton, officially as Sheriff of La Salle County, states as follows:

1. The defendant admits the allegations contained in paragraph 1.

2. The defendant admits the allegations contained in paragraph 2.

3. The defendant admits that he is the Sheriff of La Salle County and has the legal duties associated therewith including with regard to the La Salle County Jail, but denies the additional allegations contained in paragraph 3.

4. The defendant admits the existence of the statutes alleged in paragraph 4, but as the court must determine whether plaintiff's claims are sufficient for the involvement of the federal courts in this matter, the defendant denies the remaining allegations contained in said paragraph.

5. The defendant admits that certain defendant, Deputy Sheriff Andrew Evans, was employed at the La Salle County Jail at the time of this occurrence, but denies that any of the alleged acts supporting plaintiff's Complaint were either under color of law or within any scope of his employment.

6. The defendant admits the allegations contained in paragraph 6.

7. The defendant has no personal knowledge of the allegations of paragraph 7 and, therefore, denies the same and demands strict proof thereof by plaintiff.

8. The defendant has no personal knowledge of the allegations of paragraph 8 and, therefore, denies the same and demands strict proof thereof by plaintiff.

9. The defendant has no personal knowledge of the allegations of paragraph 9 and, therefore, denies the same and demands strict proof thereof by plaintiff.

10. The defendant admits that plaintiff thereafter filed a complaint which was then investigated by the Sheriff's Department.

11. The defendant has no personal knowledge of the allegations of paragraph 11 and, therefore, denies the same and demands strict proof thereof by plaintiff.

12. The defendant denies the allegations contained in paragraph 12.

13. The defendant has no personal knowledge of the allegations of paragraph 13 and, therefore, denies the same and demands strict proof thereof by plaintiff.

14. The defendant denies the allegations contained in paragraph 14.

15. The defendant denies the allegations contained in paragraph 15.

16. The defendant denies the allegations contained in paragraph 16.

17. The defendant denies the allegations contained in paragraph 17.

18. The defendant denies the allegations contained in paragraph 18.

19. The defendant denies the allegations contained in paragraph 19.

20. The defendant denies the allegations contained in paragraph 20.

21. The defendant denies the allegations contained in paragraph 21.

WHEREFORE, this defendant prays that a judgment be entered in favor of this defendant and against plaintiff as to Count II of plaintiff's Complaint.

## COUNT III

Answering Count III, defendant, County of La Salle states as follows:

1. - 18.  This defendant adopts and realleges as and for its answers to paragraphs 1 through 18 inclusive of Count III, the answers to paragraphs 1 through 18 inclusive of Count II.

19.  The defendant denies plaintiff's characterization of Illinois law set forth in paragraph 19.

20.  The defendant admits that Deputy Sheriff Andrew Evans was an employee of the La Salle County Sheriff's Department, but denies the remaining allegations of paragraph 20.

WHEREFORE, this defendant prays that a judgment be entered in favor of this defendant and against plaintiff as to Count III of plaintiff's Complaint.

## COUNT IV

These defendants make no answer to Count IV of plaintiff's Complaint as the same is directed to defendant, Deputy Sheriff Andrew Evans.

## COUNT V

These defendants make no answer to Count V of plaintiff's Complaint as the same is directed to defendant, Deputy Sheriff Andrew Evans.

## COUNT VI

These defendants make no answer to Count VI of plaintiff's Complaint as the same is directed to defendant, Deputy Sheriff Andrew Evans.

## COUNT VII

Answering Count VII, certain defendant, Sheriff Thomas J. Templeton, states as follows:

1. - 9.  Defendant adopts and realleges as and for paragraphs 1 through 9 inclusive of Count VII, his answers to paragraphs 5 through 14 of Count II.

10. Defendant lacks personal knowledge of the acts claimed to support the allegations contained in paragraph 10 and, therefore, denies the same and demands strict proof by plaintiff.

11. Defendant lacks personal knowledge of the acts claimed to support the allegations contained in paragraph 11 and, therefore, denies the same and demands strict proof by plaintiff.

12. Defendant denies the allegations contained in paragraph 12.

13. Based upon the allegations against defendant, Deputy Sheriff Andrew Evans, as set forth in plaintiff's Complaint including alleged willful, wanton and criminal activity, defendant denies the allegations contained in paragraph 13 and, furthermore, if said allegations against defendant, Evans, be proven, then this defendant seeks a dismissal of said count and that it be stricken from the Complaint and that, furthermore, plaintiff is not entitled to either compensatory nor any kind of punitive damages as a result of allegations in said count against this defendant.

WHEREFORE, this defendant prays that a judgment be entered in favor of this defendant and against plaintiff as to Count VII of plaintiff's Complaint.

DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL COUNTS IN PLAINTIFF'S COMPLAINT.

                              Sheriff Thomas J. Templeton, officially as Sheriff of La Salle County, and the County of La Salle, Certain Defendants

                              By____/s/Douglas A. Gift_____
                                    One of Their Attorneys

Douglas A. Gift
Herbolsheimer, Lannon, Henson,
    Duncan and Reagan, P.C.
Attorneys at Law
State Bank Building
LaSalle, IL 61301
Telephone: (815) 223-0111
Attorney No. 0952788

Attorney for Defendants, Sheriff Thomas J. Templeton, officially as Sheriff of La Salle County, and the County of La Salle

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENA COMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-CV-3376 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| DEPUTY SHERIFF ANDREW EVANS, | ) | Magistrate Judge Ashman |
| SHERIFF THOMAS J. TEMPLETON, | ) | |
| officially as Sheriff of La Salle County, | ) | |
| and the COUNTY OF LA SALLE, | ) | |
| | ) | |
| Defendants. | ) | |

## Proof of Service

I hereby certify that on August 11, 2008, I electronically filed **Appearance and Answer and Jury Trial Demand** with the Clerk of the Court pursuant to ECF and Fed.R.Civ.P. 5(a) which will send notification of such filing to the following:

Gregory E. Kulis and Associates, 30 North La Salle Street, Suite 2140, Chicago, IL 60602

By s/ Douglas A. Gift
Bar Number: 0952788
Attorney for Defendants
Herbolsheimer, Lannon, Henson, Duncan
 and Reagan, P.C.
654 First Street
La Salle, IL 61301
Telephone: (815) 223-0111
Fax: (815) 223-5829
E-mail: dgift@hlhdr.com