UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENA COMER, ) | |
| ) | Case No. 08 C 3376 |
| Plaintiff, ) | |
| ) | Judge Dow |
| v. ) | |
| ) | Magistrate Judge Ashman |
| DEPUTY SHERIFF ANDREW EVANS, ) | |
| SHERIFF THOMAS J. TEMPLETON, ) | Jury Demand |
| officially as Sheriff of LaSalle County, and ) | |
| the COUNTY OF LASALLE, ) | |
| ) | |
| Defendants. ) | |

## JOINT INITIAL STATUS REPORT

NOW COME the parties, Plaintiff, DENA COMER, and Defendants, DEPUTY SHERIFF ANDREW EVANS, SHERIFF THOMAS J. TEMPLETON, officially as Sheriff of LaSalle County, and the COUNTY OF LASALLE, by and through their respective attorneys of record, and for their Joint Initial Status Report state:

1. **The Nature of the Case**

    A. **The attorneys of record:**

    For the Plaintiff:
    Ms. Ronak Patel, Mr. Gregory Kulis, Ms. Shehnaz Mansuri, Ms. Kathy Ropka, and Mr. David Lipschultz.
    Gregory E. Kulis & Associates
    30 N. LaSalle St., Ste. 2140
    Chicago, IL 60602

    Should this case go to trial, it is anticipated that Ms. Patel and Mr. Kulis will be the trial attorneys.

    For Defendant Andrew Evans:
    James G. Sotos
    John J. Timbo
    James G. Sotos & Associates, Ltd.
    550 E. Devon, Ste. 150
    Itasca, IL 60143

1

    Should this case go to trial, it is anticipated that Mr. Sotos and Mr. Timbo will be the trial attorneys for Defendant Evans.

    <u>For Defendants Sheriff Thomas Templeton and County of LaSalle:</u>
Douglas Gift
Herbolsheimer, Lannon, Henson, Duncan and Reagan, P.C.
654 First St., Ste. 400
LaSalle, IL 61301

    Should this case go to trial, it is anticipated that Mr. Gift will be the trial attorney for Defendants Sheriff Thomas Templeton and the County of LaSalle.

**B.**     **Basis for Federal Jurisdiction:** This court has jurisdiction under and by virtue of 28 U.S.C. § 1983 and § 1988.

**C.**     **Nature of Claims asserted in the complaint and any counterclaims:** The Plaintiff's Complaint sets forth one alleged Section 1983 claim against Defendant Evans for unreasonable force, one alleged *Monell* claim against Defendants Sheriff Templeton and the County of LaSalle, one alleged state law claim of indemnification against Defendants Sheriff Templeton and the County of LaSalle, one alleged state law claim of assault against Defendant Evans, one alleged state law claim of battery against Defendant Evans, one alleged state law claim of intentional infliction of emotional distress against Defendant Evans, and one alleged state law claim of *respondeat superior* against Sheriff Thomas Templeton. There are no counterclaims in this matter.

**D.**     **Status of service:** All Defendants have been served in this matter.

**E.**     **The principal legal issues:** The principal legal issues in this case include: (1) whether Defendant Evans engaged in a use of force against Plaintiff which was unprovoked, unnecessary, and unreasonable; (2) whether Defendants Sheriff Thomas Templeton and the County of LaSalle knew or should have known of alleged misconduct by its officers that is alleged to have violated the rights of Plaintiff and

2

        other detainees and whether Defendants Sheriff Thomas Templeton and the County of LaSalle thereby established a custom, practice and policy of encouraging and condoning such misconduct; (3) whether Defendant Evans acted within the scope of his employment in committing the actions alleged by Plaintiff; (4) whether the alleged actions of Defendant Evans constitute assault under Illinois law; (5) whether the alleged actions of Defendant Evans constitute battery under Illinois law; (6) whether the alleged actions of Defendant Evans constitute intentional infliction of distress under Illinois law; and, (7) whether Defendant Sheriff Templeton is responsible under respondeat superior for the actions of his employee, Defendant Evans.

**F.**    **The principal factual issues:** The principal factual issues in this case include: (1) whether or not Defendant Evans had any physical contact with Plaintiff, and if so, whether that contact was justified and not excessive or unreasonable; (2) whether or not Defendants Sheriff Thomas Templeton and the County of LaSalle were aware or should have been aware of complaints against Defendant Evans and the actions taken by the Defendants in response to such complaints; (3) whether Defendant Evans engaged in harassing and threatening behavior towards Plaintiff; (4) whether Defendant Evans engaged in an unwanted and non-consensual, harmful, or offensive contact with Plaintiff; (5) whether Defendant Evans intentionally engaged in extreme and outrageous conduct that caused Plaintiff severe emotional distress; and, (6) the nature and extent of Plaintiff's damages.

**G.**    **Jury demand**: Plaintiff demands a trial by jury.

**H**.    **Discovery plan**:

        A.    Parties will engage in written discovery and depositions of

        individuals known to have information on this matter.

    B.    Parties will exchange Rule 26(a)(1) disclosures by September 9, 2008.

    C.    The parties anticipate that fact discovery will be completed by January 30, 2009.

    D.    No experts have been identified at this time.

    E.    All dispositive motions should be filed by February 27, 2009.

**I.**    **Trial:** At this time, parties anticipate that the trial will take between 3-5 days and anticipate being ready for trial July 2009.

**J.**    **Consent to proceed before a magistrate judge:** There is no mutual consent to proceed before the magistrate judge.

**K.**    **Settlement discussions:** No settlement discussions have yet occurred. The parties anticipate that settlement discussions may commence at a later time, after written discovery.

**L.**    **Settlement conference**: Parties may request a settlement conference at some later date.

        Submitted by,

        /s/ Ronak Patel
        Attorney for Plaintiff

        /s/ John Timbo
        Attorney for Defendant Evans

        /s/ Douglas Gift
        Attorney for Defendants Templeton and the County of LaSalle